IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIGHTON PARK NEIGHBORHOOD COUNCIL, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, *et al.* <br><br> *Defendants*. | Case No. 1:25-cv-4523 |

**NOTICE**

Pursuant to the Court's request, Plaintiffs respectfully submit this notice regarding the December 31, 2025 expiration date for appropriations for the Full-Service Community Schools (FSCS) Department of Education funding.

In the Consolidated Appropriations Act of 2024 (the "2024 Appropriations Act"), Congress appropriated $457,000,000 "[f]or carrying out activities authorized by subparts 2 and 3 of part F of title IV of the ESEA, . . . to remain available through December 31, 2024." Pub. L. 118-47, 138 Stat. 684. Congress then specified that, of this amount, "$150,000,000 shall be available for section 4625," which is the FSCS program. *Id.* Thus, in appropriating funds in fiscal year 2024 for the FSCS program, Congress provided a period of availability beyond the end of the 2024 fiscal year (on September 30, 2024), with the expiration date being December 31, 2024.

That means the appropriations for the FSCS program were "multi-year funds." As the Congressional Research Service has explained, "[o]ne-year (or annual) funds represent budget authority available for obligation through the end of one specified fiscal year," whereas

1

"[m]ulti-year funds represent budget authority available for obligation for a definite period spanning more than one fiscal year." Cong. Res. Serv. R48087, *Appropriations Duration of Availability: One-Year, Multi-Year, and No-Year Funds* (June 7, 2024). The FSCS funds appropriated in 2024 Appropriations Act were multi-year funds because they were appropriated in FY2024 for a period beyond the end of FY2024, running three months into the next fiscal year, FY2025.

The 2025 Full-Year Continuing Appropriations and Extensions Act the ("2025 Continuing Resolution) re-appropriated the same $150 million for the FSCS program, with the same period of availability as in the 2024 Appropriations Act, as applied to 2025. Section 1101(a) of the 2025 Continuing Resolution appropriated the same "level" of funds as in each of the appropriations bills underlying the 2024 Appropriation Act, including as relevant here, the Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2024. *See* Pub. L. No. 119-4, § 1101, 1101(8), 139 Stat. 9, 10-11.

Section 1103 of the 2025 Continuing Resolution then provided: "Appropriations provided by this division that, in the applicable appropriations Act for fiscal year 2024, carried a multiple-year or no-year period of availability shall retain a comparable period of availability." Because FSCS appropriations carried a multi-year period of availability in the 2024 Appropriation Act, the 2025 Continuing Resolution carried forward the same multi-year period of availability, until December 31, 2025.

Even if the FSCS appropriations were not considered multi-year appropriations, the 2025 Continuing Resolution would still have provided a period of availability until December 31, 2025. Section 1101(a) appropriated funds "under the authority and conditions provided in applicable appropriations Acts for fiscal year 2024," and Section 1101(b) provided that

"[a]ppropriations made by section 1101 shall be available to the extent and in the manner that would be provided by the pertinent appropriations Act." The Government Accountability Office has explained that these two provisions, "[w]hen read in conjunction," mean that appropriations made in a continuing resolution "are provided at the same amount and for the same period of availability as funds that were provided in the" prior year's appropriations act that is being continued. *Matter of: Def. Health Agency--Payment of Conf. Costs Under A Continuing Resol.*, B-336934, 2025 WL 2694407, at *3. (Sept. 22, 2025). In other words, "in determining the period of availability of the funds made available in [a] continuing resolution reference must be made to the period of availability of the applicable [prior fiscal year's appropriations act]." *Margery Waxman, Esq. Deputy Gen. Couns. Dep't of the Treasury*, B-212876, 1983 WL 27892, at *1 (Sept. 21, 1983).

For these reasons, the FSCS funds appropriated in the 2025 Continuing Resolution carry the same period of availability as in the 2024 Appropriations Act—until December 31 of the fiscal year following the appropriations bill; *i.e.*, until December 31, 2025.

December 31, 2025                          Respectfully submitted,

/s/ *Robin F. Thurston*
Kali Schellenberg (DC Bar No. 198422)
Erez Reuveni (CA Bar No. 264124)[+^]
Jeffrey B. Dubner (DC Bar No. 1013399)
Victoria S. Nugent (DC Bar No. 470800)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kschellenberg@democracyforward.org
ereuveni@democracyforward.org
vnugent@democracyforward.org
rthurston@democracyforward.org

    /s/ Daniel F. Jacobson
Daniel F. Jacobson (DC Bar No. 1016621)
Lynn D. Eisenberg (DC Bar No. 1017511)
Brian C. Rosen-Shaud (ME Bar No. 006018)[+][*]
Nina C. Cahill (DC Bar No. 1735989)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com

[+] *Pro hac vice* motion forthcoming
[*] *Pro hac vice* motion pending
[^] Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

4