**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BRIGHTON PARK NEIGHBORHOOD COUNCIL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, Secretary of Education, et al., <br><br> Defendants. | Civil Action No. 25-4523 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of February 13, 2026 ("February 13 Minute Order"), the parties have conferred and respectfully submit the instant Joint Status Report regarding their proposed schedules to govern future proceedings in this matter.

**Plaintiffs' Position**

On February 27, 2026, Plaintiffs—a group of grantees, subgrantees, and other beneficiaries of the Full-Service Community Schools ("FSCS") program harmed by the Department of Education's non-continuation decisions—filed an amended complaint. The amended complaint adds both new parties and new claims, including constitutional claims.

Time is of the essence for Plaintiffs. Due to the enactment of the Labor–Health and Human Services–Education Appropriations Act on February 3, 2026, funding for the FSCS program is available for obligation. As the Department of Education may obligate those funds at any time, Plaintiffs believe it is important that the parties brief jurisdictional issues, as the Court has requested, in a timely fashion to minimize the need for emergency motion practice.

1

The lack of FSCS funding is having a devastating impact on Plaintiffs. As time goes on, it becomes increasingly difficult for programs to be in a position to restart their programming. Qualified educators whose positions were funded through these awards will be forced to move on, while the burden on other educators who benefited from these programs increases. All the while, student well-being suffers. Students are missing out on programming and opportunities as the school year gets closer to its conclusion, and many face anticipated learning loss due to lack of summer programming.

In related cases raising the same jurisdictional issues, the Department has agreed to allow grantees to use carryover funds—known as a "no-cost extension"—to partially stem potential programming losses while the cases continue with briefing. *See Maryland v. U.S. Department of Education*, No. 1:25-cv-04298 (D. Md. Mar. 6, 2026), Dkt. No. 8, at 1; *Afterschool for Children and Teens (ACT) Now v. U.S. Department of Education*, No. 1:25-cv-15704 (N.D. Ill. Mar. 5, 2026), Dkt. No. 26. Plaintiffs have asked for a similar no-cost extension in this case, as well as a commitment that the Department will not obligate the currently available Fiscal Year 2026 funds in a manner that would prejudice Plaintiffs' interests if grantees were put back into continued status. Defendants have not yet responded to Plaintiffs' request. As Plaintiffs have explained to Defendants, Plaintiffs would be willing to agree to a more relaxed briefing schedule if Defendants were willing to make commitments to protect Plaintiffs' interests on this front.

In any case, even without these guarantees, Plaintiffs' requested schedule closely mirrors the scheduling orders in the other FSCS cases. The government's motion to dismiss is due in *ACT Now* on March 16, 2026, and the Court has indicated that it expects to resolve those issues at an April 13 hearing. *Afterschool for Children and Teens (ACT) Now v. U.S. Department of Education*, No. 1:25-cv-15704 (N.D. Ill. Mar. 5, 2026), Dkt. No. 26. In the case filed by the States, the

government's motion to dismiss is due on March 18, 2026, and the States plan to file a cross-motion for summary judgment on their notice and comment claim on April 15. *See Maryland v. U.S. Department of Education*, No. 1:25-cv-04298 (D. Md. Mar. 9, 2026), Dkt. No. 9.

Defendants point out that there is some overlap between the grants at issue in this litigation and those in these other cases. But most of the grants at issue here, including those of the three grantee Plaintiffs in this litigation—the Prichard Committee for Academic Excellence, Paterson Public Schools, and Sodus Central School District—are not covered by any other litigation. *See* Am. Compl. ¶ 18(a), (b), (g), (h), (k), (l), (m), Dkt. No. 17. Defendants also fail to explain why the existence of some overlap is grounds for delaying the resolution of this case.

Finally, contrary to Defendants' characterization, Plaintiffs are not seeking an "expedited schedule." Indeed, had the Court not vacated all deadlines in this case, *see* February 13 Minute Order, Defendants' motion to dismiss would have been due today, March 16.[1] Moreover, per the February 13 Minute Order, Plaintiffs are also not seeking the production of the administrative record or the filing of the index required by Local Rule 7(n)(1), prior to a ruling on the motion to dismiss.

In light of the above, Plaintiffs propose the following schedule:

1.  Defendants file their motion to dismiss on jurisdictional grounds on March 23, 2026;

2.  Plaintiffs file their opposition to Defendants' motion to dismiss on jurisdictional grounds 14 days after Defendants file their motion;

---

[1] Under Federal Rule of Civil Procedure 15(a)(3), the response to an amended pleading is due "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." The answer to the original complaint would have been due on March 16. *See* Fed. R. Civ. P. 12(a)(2); Return of Service, Dkt. No. 24. And because March 16 is more than 14 days later than the date the amended complaint was filed—February 27—March 16 is also the day the response to the amended pleading would have been due. *See* Fed. R. Civ. P. 15(a)(3); *see also id.* 12(b).

3.  Defendants file their reply on their motion to dismiss 7 days after Plaintiffs file their opposition;

4.  The parties request oral argument at the Court's earliest convenience;

5.  Defendants produce the Administrative Record 7 days after the ruling on the motion to dismiss;

6.  Plaintiffs serve discovery requests on their constitutional claims 7 days after the ruling on the motion to dismiss;

7.  Within 7 days of the production of the Administrative Record, the parties shall confer and submit a proposed scheduling order as to discovery and summary judgment proceedings before the Court.

### **Defendants' Position**

Defendants note that Plaintiffs appear to ask the Court for an expedited schedule in this matter, claiming that "time is of the essence" in this matter. However, Defendants take the position that Plaintiff has not asserted any grounds for an expedited schedule in this matter, because, *inter alia*, 1) the Court has not even determined whether it has jurisdiction over this case and 2) because several of the claims at issue in this case—specifically, arising from the grants referenced as Award Nos. S215J220100 (Am. Compl. ¶ 18(c)), S215J230148 (*see id.* ¶ 18(d)), S215J230147 (*see id.* ¶ 18(e)), S215J230149 (*see id.* ¶ 18(f)), S215J220024 (*see id.* ¶ 18(i)), and S215J230049 (*see id.* ¶ 18(j))—are currently the subject of earlier-filed cases in other district courts. *See*, *e.g.*, *ACT Now v. Dep't of Ed.*, Civ. No. 25-15704 (TMD) (MMP), ECF No. 1, (N.D. Ill. Dec. 29, 2025) (reflecting at paragraph 33 that the non-continuation of the grants given Award Nos. S215J230147 and S215J230149 are the subject of litigation in the Northern District of Illinois); *see also Maryland v. Dept. of Ed.*, Civ. No. 25-4298 (DLB), ECF No. 1, (D. Md. Dec. 30, 2025) (reflecting at

paragraphs 26, 27, and 28 that the non-continuation of the grants given Award Nos. S215J220100, S215J230148, S215J220024, and S215J230049 are the subject of litigation in the District of Maryland). Notably, the government filed a motion to dismiss in the *ACT Now* litigation on March 16, 2026, *ACT Now*, Civ. No. 25-15704 (TMD) (MMP) at ECF No. 28, and the government's motion to dismiss in the *Maryland* litigation is due on March 18, 2026. *Maryland*, Civ. No. 25-4298 at ECF No. 9. As such, Plaintiffs cannot reasonably argue that any kind of urgency is needed in this case, when the undersigned counsel for Defendant has been able to confirm that many of their claims are already the subject of litigation in other district courts.[2]

Accordingly, Defendants propose that their response to Plaintiffs' Amended Complaint—which will consist exclusively of a 12(b)(1) motion to dismiss, per the Court's instructions in its February 13, 2026, Minute Order, that the parties "brief jurisdictional issues before any administrative record is filed or further briefing in this case"—be ordered due on March 30, 2026, and Defendants do not object to Plaintiffs being given 14 days to response with Defendants being given 7 days to file their reply. Defendants further submit that it is premature for the Court to order any other deadlines in this case at this time, especially given the fact that Defendants reserve the right to file a 12(b)(6) motion should the Court decide that it has jurisdiction over the claims asserted in this case.

Dated: March 16, 2026

---

[2] It is also notable that under the first-to-file rule, district courts have the discretion to dismiss a pending action when faced with parallel litigation of factually related actions filed in two separate forums, and as a result, it is likely that some of the claims of the Amended Complaint are ripe for dismissal simply because they are the subject of earlier-filed claims in other district courts. *Handy v. Shaw*, 325 F.3d 346, 349 (D.C. Cir. 2003).

*/s/ Kali Schellenberg*
Kali Schellenberg (DC Bar No. 198422)
Victoria S. Nugent (DC Bar No. 470800)
Robin F. Thurston (DC Bar No. 1531399)
Louis Katz (DC Bar No. 90003861)
Laura Aguilar (DC Bar No. 90030659)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kschellenberg@democracyforward.org
vnugent@democracyforward.org
rthurston@democracyforward.org
democracyforward.org
laguilar@democracyforward.org

Daniel F. Jacobson (DC Bar No. 1016621)
Lynn D. Eisenberg (DC Bar No. 1017511)
Brian C. Rosen-Shaud (DC Bar No. 90042065)[+]
Nina C. Cahill (DC Bar No. 1735989)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com

[+] Admitted *pro hac vice*

*Counsel for Plaintiffs*

JEANINE FERRIS PIRRO
United States Attorney

By:  */s/ Fithawi Berhane*
FITHAWI BERANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*

6